IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RAYMOND K. HEDGESPETH, JR.,

                  OPINION AND ORDER

        Plaintiff,

                  19-cv-888-bbc

    v.

DOUG BELIAL,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Raymond K. Hedgespeth, Jr. is a patient civilly committed at the Sand Ridge Secure Treatment Center under Chapter 980 of the Wisconsin Statutes. He has filed a civil action under 42 U.S.C. § 1983, challenging a notice that he received instructing him to leave his outgoing mail open for inspection. Plaintiff contends that the notice violates Wis. Stat. § 51.61(1)(cm), which gives patients the right to send and receive sealed mail. Because plaintiff is proceeding without prepayment of the full filing fee, I must screen his complaint under 28 U.S.C. § 1915(e) to determine whether the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

      Plaintiff's allegations do not support any federal claim. Although plaintiff says that he should not have to leave his mail unsealed unless a court orders him to do so, I am not aware of any constitutional principal that gives a person who is civilly committed as sexually violent the right to send uninspected mail. As the Supreme Court has explained, a civil detainee "simply does not possess the full range of freedoms of an unincarcerated individual"

1

because "[t]he fact of confinement as well as the legitimate goals and policies" of the institution limit constitutional rights. Bell v. Wolfish, 441 U.S. 520, 545–46 (1979); Allison v. Snyder, 332 F.3d 1076, 1079 (7th Cir. 2003) (persons confined as sexually violent "may be subjected to the ordinary conditions of confinement"). The Court of Appeals for the Seventh Circuit has upheld the inspection of property and mail of civilly committed patients. See, e.g., Walker v. Hayden, 302 F. App'x 466, 467 (7th Cir. 2008) (holding that conditions restricting patients' ability to leave facility, receive visitors, monitoring telephone calls, inspecting property and mail, requiring institutional clothing and requiring restraints during transport were justified by security and safety concerns) (citing Thielman v. Leean, 282 F.3d 478, 483 (7th Cir. 2002)).

Plaintiff contends that Wis. Stat. § 51.61(1)(cm), gives patients the right to send and receive sealed mail. However, plaintiff's allegations do not support any federal claim and this court cannot exercise jurisdiction over his state law claim. Moreover, § 51.61(1)(cm)(2)(b) states that the director of the facility where a patient is housed may authorize treatment staff to read a patient's outgoing mail "if the director or his or her designee has reason to believe that the mail could pose a threat to security at the facility or seriously interfere with the treatment, rights, or safety of others." Therefore, contrary to plaintiff's argument, § 51.61(1)(cm) does not grant plaintiff a limitless right to send unsealed mail absent a court order.

ORDER

IT IS ORDERED that plaintiff Raymond K. Hedgespeth, Jr.'s complaint is DISMISSED for failure to state a federal claim upon which relief may be granted. The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 19th day of December, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge