IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RAYMOND K. HEDGESPETH, JR.,

                                     ORDER

            Plaintiff,

                             19-cv-888-bbc

       v.

DOUG BELIAL,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Raymond K. Hedgespeth, Jr., a patient civilly committed at the Sand Ridge Secure Treatment Center, has filed a motion for reconsideration of the previous order dismissing his complaint for failure to state a claim upon which relief may be granted. He has also filed a motion for leave to file an amended complaint. In his original complaint, plaintiff alleged that he had received a notice instructing him to leave his outgoing mail open for inspection. He contended that the notice violated his rights under Wis. Stat. § 51.61(1)(cm), which gives patients the right to send and receive sealed mail. I concluded that plaintiff's allegations did not support any federal claim, and dismissed the case.

In his motion for reconsideration, plaintiff asks that he be permitted to add claims under the First and Fourteenth Amendments. However, plaintiff's allegations do not support a claim under the First or Fourteenth Amendment. As I stated before, a civil detainee "simply does not possess the full range of freedoms of an unincarcerated individual" because "[t]he fact of confinement as well as the legitimate goals and policies" of the institution limit constitutional rights. Bell v. Wolfish, 441 U.S. 520, 545–46 (1979);

1

Allison v. Snyder, 332 F.3d 1076, 1079 (7th Cir. 2003) (persons confined as sexually violent "may be subjected to the ordinary conditions of confinement").  The monitoring and inspection of property and mail of civilly committed patients is justifiable on security grounds.  Walker v. Hayden, 302 F. App'x 466, 467 (7th Cir. 2008) (holding that conditions restricting patients' ability to leave facility and receive visitors, monitoring telephone calls, inspecting property and mail, requiring institutional clothing and requiring restraints during transport were justified by security and safety concerns) (citing Thielman v. Leean, 282 F.3d 478, 483 (7th Cir. 2002)).

Plaintiff also contends that the restrictions on him violate the First and Fourteenth Amendments because the notice he received directing him to leave his mail unsealed did not provide an express exception for legal mail.  However, these vague allegations are not sufficient to state a constitutional claim.  Plaintiff does not say that he attempted to send any legal mail that was unsealed, reviewed or confiscated by institution staff.

As for plaintiff's argument that he was denied due process, plaintiff does not identify any liberty interest of which he was deprived without process.  Instead, plaintiff focuses on state law requirements and limitations in Wis. Stat. § 51.61.  However, as I stated before, plaintiff's arguments regarding § 51.61 are matters of state law over which this court has no jurisdiction in the absence of a related federal claim.  Because plaintiff's allegations do not state a constitutional claim, I will not consider his state law arguments.  For all of these reasons, I will deny plaintiff's motion for reconsideration and motion for leave to file an amended complaint.

ORDER

IT IS ORDERED that plaintiff Raymond K. Hedgespeth, Jr.'s motion for reconsideration, dkt. #8, and motion for leave to file an amended complaint, dkt. #9, are DENIED.

Entered this 1st day of April, 2020.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge